### COLVILL et al. v. CHUBB.

*(Supreme Court, General Term, First Department.　May 15, 1891.)*

PRACTICE IN CIVIL CASES—STAYING TRIAL.

    In an action for a breach of contract the answer contained a general denial, and, by way of counter-claim, alleged a mistake in the terms of the contract, and prayed for reformation thereof. Plaintiff replied to the counter-claim. *Held*, that the issue raised by the counter-claim and reply thereto, being equitable, was triable at special term under Code Civil Proc. N. Y. § 974, which provides that, "where defendant interposes a counter-claim, and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact arising thereon is the same as if it arose in an action brought by the defendant against the plaintiff for the cause of action stated in the counter-claim, and demanding the same judgment," and that the trial at circuit of the issue as to damages, raised by the complaint and answer, would be stayed until the trial of the equitable issue at special term.

Appeal from special term, New York county.

Action by John Colvill and others against Percy Chubb. From an order staying the trial of certain issues at circuit until the determination of other issues at special term, plaintiffs appeal. For former report, see 14 N. Y. Supp. 433.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*Anson B. Stewart*, for appellants. *J. L. Ward*, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for an alleged breach of a written contract of marine insurance. The defendant served his answer, admitting the issuance of a policy of insurance. He denied that in and by the policy they insured against the risk alleged in the complaint, and denied generally the other allegations in the complaint. The defendant further answered by way of counter-claim, alleging a mistake in the terms of the policy of insurance, of which the plaintiffs were duly notified, and refused, to return the policy for correction, and prayed that the policy might be reformed so as to make the same express truly the contract, according to the intention of the parties thereto, and that the plaintiffs might be restrained from bringing or causing to be brought any suit upon said policy until so reformed, and also for a dismissal of the complaint. No reply or demurrer to this counter-claim being served within the time limited by law, the plaintiffs noticed the case for trial at the circuit court. In December, 1890, while the case was on the day calendar in said circuit court, the defendant moved at special term for judgment by default. This motion was granted, with leave, however, to the plaintiffs, on payment of $10 costs of motion, to serve a reply or demurrer to the counter-claim within 10 days after service of the order to be entered upon said motion. The order further provided that the same case was to remain on the calendar as of its former date of issue, and the order to be without prejudice to any proceedings theretofore had in the action. The plaintiffs took the benefit of the order by paying $10 costs of motion, and serving a reply, which contained a denial of the allegations of the counter-claim, and set up a further and separate defense thereto. The defendant thereupon filed a note of issue for the issues raised by the reply, and served notice of trial thereof at the ensuing special term. After this decision upon,

the motion for judgment upon the counter-claim the plaintiff made a motion on two days' notice that the case be placed on the day calendar of the circuit court. This motion was granted. The case standing upon the calendar marked "Reserved generally," the plaintiff had the right to have it restored upon two days' notice to the day calendar, under the rules of the court. Thereupon the defendant moved for an order that the trial at circuit be stayed until after the trial and determination of the special term issues raised by the reply to the equitable counter-claim contained in the answer. This motion was granted, and from the order thereupon entered this appeal is taken.

We think no error was committed. In fact, the plaintiff was not in a condition to try the issues raised by the complaint and answer, which were properly triable at circuit, until after he had disposed of the issues raised by the affirmative equitable cause of action set up in the counter-claim. The Code (section 974) provides that, "where a defendant interposes a counter-claim, and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact arising thereon is the same as if it arose in an action brought by the defendant against the plaintiff for the cause of action stated in the counter-claim, and demanding the same judgment." There is no question but that, if the cause of action set up in this counter-claim had been contained in a complaint in an action brought by the defendant against the plaintiff, and for the same relief, it would have been properly triable at special term, as being an equitable cause of action. Such being the case, when the defense is set up as a counter-claim it must be tried in precisely the same form as though it arose in an action brought by the defendant against the plaintiff. It is undoubtedly true that the plaintiff cannot be deprived of the right to a trial by jury upon the cause of action set out in his complaint, but it is equally true that it would be idle to try his cause of action until the equitable cause of action set up in the answer has been disposed of. Under the old practice the proceeding would have been to file a bill in the court of chancery to reform this policy; and a stay of the trial of the action at law would have been granted until the equitable cause of action was disposed of. In the case of *Born* v. *Schrenkeisen*, 110 N. Y. 55, 17 N. E. Rep. 339, this view is expressly recognized. The plaintiff sought on a written contract to recover royalties for the use of his patent, and the defense was that the written instrument did not express the true contract between the parties. The issues were tried before a judge at special term, who ordered judgment that the complaint be dismissed upon the merits, and that defendants recover their costs. The plaintiff appealed to the general term, who affirmed the judgment. An appeal was taken to the court of appeals, where, the point being taken that there was no finding that the parties acted under a mutual mistake, the court held that sufficient facts for a reformation were alleged and found. The omission to make the reformation by the judgment was a technical error which might be corrected on appeal, and the court therefore modified the judgment so as to reform the agreement in accordance with the findings of fact, and affirmed the judgment so modified. If it had not been necessary to have obtained a judgment of reformation, the judgment as rendered by the court below would have been amply sufficient. Applying the principle of the case in question to the case at bar, if this whole issue was tried at the circuit, and resulted simply in a dismissal of the complaint upon the ground, if you please, that the contract should be reformed, and, when so reformed, there was no cause of action. Yet, under the decision of the court of appeals in question such judgment would be irregular, because there must be a judgment first reforming the contract, and then dismissing the complaint. No such judgment could be rendered at circuit, because in that court affirmative equitable relief cannot be granted. The objection that the orders previously made were an adjudication upon this question, and should have been appealed from, is not well taken, because no such question arose. The order should be affirmed, with $10 costs and disbursements. All concur.